E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08769-GHK (PJWx) | Date | November 2, 2011 |
|---|---|---|---|
| Title | *Federal National Mortgage Association v. Richard Barrera, et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**     (In Chambers) Order to Show Cause

On October 21, 2011, Defendants Richard and Lydia Barrera ("Defendants") removed the above-titled unlawful detainer action to this Court. The Notice of Removal ("NOR") asserts that we have diversity jurisdiction under 28 U.S.C. § 1332(a). The NOR also alleges that "Defendant believes that there is a bias in State Court against homeowners and are not willing to consider all facts."

As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Finley v. United States*, 490 U.S. 545, 547-48 (1989), we must determine the issue of subject matter jurisdiction before reaching the merits of a case. "Jurisdiction founded on 28 U.S.C. § 1332 requires that parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). We find no basis for the assertion that the amount in controversy in this case exceeds the jurisdictional threshold of $75,000. In unlawful detainer cases, the right to possession – not title to the property – is at issue, and thus the amount in controversy is determined by the damages sought by the Complaint. *See Deutsche Bank Nat. Trust Co. v. Soto*, No. CV 11-1149 PA (AGRx), 2011 WL 590286, at *2 (C.D. Cal. Feb. 9, 2011) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977)). The Complaint clearly states that the damages sought by Plaintiff Federal National Mortgage Association ("Plaintiff") do not exceed $10,000. As such, there is no diversity jurisdiction in this case.

Moreover, the NOR does not allege the citizenship of Plaintiff or Defendants. For purposes of assessing diversity, a corporation such as Plaintiff has dual citizenship. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). "[I]n practice it should normally be the place where the corporation maintains its headquarters," the center of overall direction, control, and coordination commonly known as the "nerve center." *Id*. The NOR does not allege Plaintiff's state of incorporation or its principal place of business.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08769-GHK (PJWx) | Date | November 2, 2011 |
|---|---|---|---|
| Title | *Federal National Mortgage Association v. Richard Barrera, et al.* | | |

     For purposes of assessing diversity jurisdiction, individual citizenship is determined by the state where a natural person is domiciled, and a person may only have one domicile at a time. *Gaudlin v. Remis*, 379 F.3d 631 (9th Cir. 2004). The NOR does not allege Defendants' domicile and thus Defendants' have also failed to properly assert diversity jurisdiction on this basis.

     Defendants' allegation of state court bias appears to be an attempt to invoke our jurisdiction pursuant to 28 U.S.C. § 1443. Section 1443 provides that a defendant may remove from state court any action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). Section 1143(1) presents a "specific and extremely narrow" ground for removal. *Davis v. Superior Ct. of Cal.*, 464 F.2d 1272, 1273 (9th Cir. 1972). "A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28 (1966)." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.* at 999 (internal quotation marks omitted).

     Defendants' allegation in the NOR does not meet this two-part test. Bare assertions as to the "bias in State Court against homeowners" are not enough to support removal pursuant to § 1443. As the Supreme Court noted:

> It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court . . . . Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*See Peacock*, 384 U.S. at 827-28.

     Since Defendants have failed to show the state courts will not enforce their federal civil rights, removal under § 1443(1) is improper.

///
///
///
///

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08769-GHK (PJWx) | Date | November 2, 2011 |
|---|---|---|---|
| Title | *Federal National Mortgage Association v. Richard Barrera, et al.* | | |

///
///

      The party seeking to establish jurisdiction bears the burden of proving such. *Kokkonen*, 511 U.S. at 377. Therefore, Defendants are **ORDERED TO SHOW CAUSE**, in writing, **WITHIN TWELVE (12) DAYS** hereof, as to why this matter should not be remanded because this Court lacks subject matter jurisdiction. Defendants' failure to timely and adequately show cause as required herein shall be deemed Defendants' admission that this Court lacks subject matter jurisdiction. In that event, this action shall be remanded for lack of subject matter jurisdiction.

    **IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
|  | Initials of Deputy Clerk | | Bea |